I respectfully dissent as I feel the trial court abused its discretion in dismissing Pivarski's appeal. The Ohio Supreme Court has held that "only flagrant, substantial disregard for court rules can justify a dismissal on procedural grounds." DeHart v. Aetna Life Ins. Co. (1982), 69 Ohio St.2d 189, 193. "Fairness and justice are best served when a court disposes of a case on the merits." Id. In holding that a trial court abuses its discretion by dismissing or refusing to reinstate a case because of a technical violation of a local rule, the Court announced five factors militating against such a sanction: (1) the mistake was made in good faith rather than part of a continuing course of conduct for the purpose of delay; (2) the parties and the court were not prejudiced; (3) the sanction of dismissal is disproportionate to the nature of the mistake; (4) the client will be unfairly prejudiced by the fault of counsel; and (5) dismissal is contrary to the policy of deciding cases on the merits. Id., at the syllabus.
I feel the dismissal here was too disproportionate to the procedural error made, especially in light of the fact that Appellant promptly filed an affidavit in compliance with the local rules before the Court ruled on Appellee's motion to dismiss.
I would reverse.